CHIESA & COMPANY and PETER CHIESA, Appellees, v. THE CITY OF DES MOINES, Appellant.

**Municipal corporations:** CHANGE OF STREET GRADE: RECOVERY OF
1 DAMAGES. The right to recover damages for injury to property by reason of the alteration of the grade of a city street depends entirely upon statutory authority.

**Statutes:** LIBERAL CONSTRUCTION. The rule that statutes in deroga-
2 tion of the common law shall be strictly construed does not obtain in this state, as it is expressly provided therein that all proceedings thereunder shall be given a liberal construction to promote their objects and to assist parties in obtaining justice.

Municipal corporations: CHANGE OF STREET GRADE: RIGHT OF TENANT
3  TO DAMAGES.  Under the provisions of the Code requiring a city
to pay the owner of abutting property any damages suffered by
reason of a change in the grade of a street, a tenant for life or
for a term of years may recover injury to leased property caused
by such change; the word owner as used in the statute, when
liberally construed, being broad enough to include a tenant for
years.

, *Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

SATURDAY, DECEMBER 14, 1912.

ACTION at law to recover damages alleged to have been
sustained by the plaintiffs because of a change made by the
city in the street grade fronting a certain lot and building
occupied by the plaintiffs as tenants for years of the fee owner.
There was a verdict and judgment for plaintiffs, and defendant
appeals.—*Affirmed.*

*R. O. Brennan, H. W. Byers,* and *E. C. Carlson,* for
appellant.

*Miller & Wallingford,* and *O. H. Miller,* for appellees.

WEAVER, J.—The property in question abuts upon East
Locust street, one of the principal streets of Des Moines, and
near the east end of the bridge which carries said street over
the Des Moines river.   As originally established, the grade
sloped downward somewhat rapidly from the bridge eastward
to a point near the property in question, whence it followed an
ascending slope for a distance of several blocks.   Adjacent to
this grade the lot in question had been improved by the erec-
tion of a building.   The plaintiff acquired the possession and
use of the lot, as thus improved, in April, 1907, under lease
from the owner for a term of five years.   In the year 1909
a change in the grade of East Locust street was ordered by
the city, raising the same about six feet in front of this lot.

The work of conforming the street to the new grade has been done, and plaintiff sues to recover damages for the consequential injuries to his leasehold interest. There was trial to a jury and verdict found for plaintiff for $506.

The argument in support of the appeal presents the single question whether a tenant under a lease for a term of years is entitled to maintain an action of this nature. The argument by which the appellant negatives the proposition may be briefly stated as follows: The right to recover damages for injuries resulting to abutting property by reason of a change of grade was unknown to the common law, and now exists only where it is expressly provided for by statute. Our statute creates such right but limits it to the "owner" of the property so affected. A tenant under lease from the holder of the legal title is not an "owner" of the property, and, although his leasehold interest may suffer injury, the law gives him no remedy. To the soundness of this reasoning we now give consideration.

That the right to recover damages occasioned by the act of the public authorities in altering the grade of a city street exists only by reason of some statute providing therefor may be admitted for the purposes of this case. In a very early case (*Creal v. Keokuk*, 4 G. Greene [Iowa] 47) the court, feeling bound by what it believed was the weight of authority, expressed its reluctant assent to that view. That precedent has since been cited with approval. *Cotes v. Davenport*, 9 Iowa, 227; *Russell v. Burlington*, 30 Iowa, 267; *Farmer v. Cedar Rapids*, 116 Iowa, 324.

**1. MUNICIPAL CORPORATIONS: change of street grade: recovery of damages.**

The statute under which plaintiff asserts his alleged right of recovery reads as follows: "When any city or town shall have established the grade of any street or alley, and any person shall have made improvements on the same, or lots abutting thereon, according to the established grade thereof, and such grade shall thereafter be altered in such a manner as to damage,

**2. STATUTES: liberal construction.**

injure or diminish the value of such property so improved, said city or town shall pay to the owner of such property the amount of such damage or injury." Code, section 785. It is manifest from the foregoing that the decision of the question thus presented turns entirely upon the word "owner," as used in the statute, and whether it may properly be construed to include tenant as well as holder of the title.

The appellant starts out with the proposition that the statute, being in derogation of common law, must be given a strict construction. That this rule prevails in many jurisdictions is quite true. It has, however, a much less restrictive effect in our procedure because of our statutory rule of construction providing that "the rule of the common law that statutes in derogation thereof are to be strictly construed had no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice." Code, section 3446. The old rule has at times been quoted by our courts with apparent forgetfulness of this wholesome provision, but a statute so clearly in accord with essential justice and fairness ought not to be ignored or allowed to fall into disuse.

The word "owner" is of frequent use in our statutes pertaining to property and property rights, and, like most words, its significance is subject to some degree of variance, dependent upon its context and the subject-matter to which it is applied. In common speech it is doubtless most often used to designate the person in whom the legal or equitable title rests, as distinguished from a mere occupant or tenant. As used in law, it is very often given a wider and more comprehensive meaning. In its strictest sense, the owner of land is he who had the sole right of dominion, use, enjoyment, and disposition. It may happen, however, and does happen every day, that with respect to a given item of real property the various elements or estates which together make up what we may call

3. MUNICIPAL CORPORATIONS: change of street grade: right of tenant to damages.

absolute ownership are vested in different persons. One may hold the legal title, another the equitable title, another a tenancy for life, and another a term of years. Each owns a property right in the land, and each is, for many purposes, the actual owner thereof.. The statutes of the state expressly note the existence of different estates in the same land, and inferentially recognize the several holders of such distinct estates as owners. It is provided that the words "land," "real estate," and "real property" shall be held to include lands, tenements, hereditaments, and *all rights thereto and interests therein,* equitable as well as legal. Code, section 48 (8). And the word "property" includes "real property." Code, section 48 (10). A tenant for life or for a term of years of a city lot or other land certainly has a right and interest therein. He is therefore an owner of the property to the extent of that interest; and it would seem to follow of necessity that the statute which gives the right to recover for damages to the property includes damages to each and every estate or interest therein, legal or equitable. In pursuance of that conception or definition of property, this court has held the word "owner" to include the wife of a husband who holds title to a family homestead. *Adams v. Beale,* 19 Iowa, 68. The court there says that any right which, in law or equity, amounts to an ownership in land, any right of entry upon it, to its possession or enjoyment, or any part of it which may be deemed an estate, makes the person an owner, as far as it is necessary to entitle him to redeem the land from tax sale. See, also, *Cummings v. Wilson,* 59 Iowa, 14; *Swan v. Harvey,* 117 Iowa, 58. A mortgagee is an owner, within the statute providing for the condemnation of land for public purposes. *Severin v. Cole,* 38 Iowa, 463. The word "owner," as used in the mechanic's lien statute, has been held to include "any person who has an estate or interest in the land." *Monroe v. West,* 12 Iowa, 119. As supporting this view, see *Gitchell v. Kreidler,* 84 Mo. 476; *Benjamin v. Wilson,* 34 Minn. 517 (26 N. W. 725); *Gerrard v. Railroad Co.,* 14 Neb.

270 (15 N. W. 231) ; *Loso v. Sutherland,* 38 Mich. 171; *Mixon v. Stanley,* 100 Ga. 377 (28 S. E. 440) ; *Higgins v. San Diego,* 131 Cal. 308 (63 Pac. 470) ; *Telephone Co. v. Marsh,* 96 App. Div. 122 (89 N. Y. Supp. 79) ; *Parker v. Railroad Co.,* 79 Minn. 373 (82 N. W. 673) ; *Smith Co. v. Labore,* 37 Kan. 480 (15 Pac. 577). In *Schott v. Harvey,* 105 Pa. 228 (51 Am. Rep. 201), this language is used: ''A tenant for years, a tenant for life, and a remainderman in fee is each an owner.'' Indeed, it seems to be thoroughly established that the term ''owner'' will be held to include the owners of any distinct interest or estate in the land less than a fee, whenever the connection in which it is used, or the apparent purpose of the statute, is such as to call for the broader construction. If we look to the reasonableness and justice of the case, there is no good ground upon which the owner of the fee ought to be given the right to recover which does not apply with at least equal force to the tenant, who suffers injury by the same wrong. As we have already noted, this court, in the pioneer case of *Creal v. Keokuk, supra,* expressed its regret at the absence of a statute holding the city to liability for injury in such cases. Thereafter, and apparently to remedy this defect in the law, the statute under consideration was passed. If it is to be given the construction for which the city contends, and its benefits restricted to owners of the fee only, it furnishes but a very partial and imperfect remedy for hardships which the individual citizen ought not to be compelled to bear alone. The tenant, even more than his landlord, is often exposed to irremediable injury from improvements of this nature. The improvement may be such as to destroy in a large measure the value of the use for which the tenant leased the premises, while the actual market value of the fee has been enhanced rather than decreased. While the city is not here prosecuting a condemnation proceeding, the effect of it upon the plaintiff's rights partakes very much of the same nature. True there is not physical invasion or taking of the property, but there is an interference with its use and a taking away of its value

to promote the interest of the public at large, and the statute which provides for compensation for injuries so inflicted ought not to be given a construction which denies relief to persons whose rights have thus been invaded, unless the language of the act clearly requires it. No injustice is done by requiring the municipality, as a whole, to pay for the injury it inflicts in carrying on improvements for the general public good. The statute as it stands is capable of a construction which prevents injustice, and we think it the duty of the courts to so interpret it. The trial court did not err in holding plaintiff entitled to maintain the action.

Question has been raised by the appellee whether, under the record as presented, the city has any standing in this court to raise the principal question argued by counsel, because of failure to make such point in the court below, except by amendment to motion for new trial. As we are disposed to hold against appellant upon the merits of the appeal, we do not undertake to pass upon this question of practice.

The judgment below is therefore *Affirmed.*