STATE EX REL. MARSHALL & ILSLEY BANK and another, Respondents, vs. LEUCH, City Clerk, Appellant.

*December 13, 1913—January 13, 1914.*

*Taxation: Bank stock: Deduction of value of land "owned" by bank: Leasehold interest.*

Land held by a bank under lease, even though it be a long-time lease—in this case for ninety-nine years—with privilege of indefinite renewal, is not "owned by such bank," within the meaning of sec. 1057, Stats. 1911.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Modified and affirmed.*

This is an action of *certiorari* brought to reverse the action of the board of review of the city of Milwaukee for the year 1913 in refusing to deduct from the gross valuation of the capital stock of the bank the value of the building in which the bank conducts a branch office and the land on which it stands (said building and land being owned by the bank in fee), as well as the value of the land on which the main banking house of the bank is situated, which is not owned in fee by the bank but held under a ninety-nine year lease with the privilege of unlimited renewal. The circuit court held that both deductions should have been made and the city clerk appeals.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Garfield S. Canright,* assistant city attorney, and oral argument by *Mr. Canright.*

For the respondent bank there was a brief by *Harper & McMynn,* and oral argument by *John F. Harper.*

WINSLOW, C. J. The question whether the value of the branch office and the land owned by the bank on which it stands should have been deducted from the total valuation of the capital stock of the bank is answered in the affirmative by the decision in the case of *State ex rel. Second Ward Sav. Bank v. Leuch, ante,* p. 493, 144 N. W. 1119.

As to the land on which the main banking house stands, which is not owned in fee by the bank but held under a ninety-nine year lease, different considerations arise.

The statute says that the assessed value of the building in which the bank maintains its offices and transacts its business if owned by the bank, including the land on which it is located "if owned by such bank," shall be deducted from the total value of the shares of stock. Sec. 1057, Stats. 1911. The circuit court held that the ninety-nine year

lease with the privilege of unlimited renewal was equivalent to ownership for taxation purposes. We think this ruling was erroneous.

The word "own" does not necessarily mean ownership of the fee; it may be used to designate any one of a great variety of interests in property, even including a short leasehold. This subject is fully discussed with abundant illustrations by Mr. Justice DODGE in the opinion in *Merrill R. & L. Co. v. Merrill,* 119 Wis. 249, 96 N. W. 686. In that case it was held that land held under lease for five years was "owned" by a public utility corporation within the meaning of the statute providing that where a street railway company is taxed under the license taxation system its real and personal property "owned" and used in the conduct of its business shall be exempt from taxation.

In every case where construction is necessary to determine the sense in which the word is used, the object sought to be reached by the statute is the most important consideration. The object of the present statute is to avoid double taxation of the land. Where a bank has permanently invested a part of its assets in land by purchasing the fee thereof at a fair valuation, that sum so permanently invested must necessarily be represented in the gross valuation fixed by the assessor on the total bank stock. So when the bank stock is taxed as the statute provides, the land is to all intents and purposes fully taxed at that time. The land itself remains on the tax roll, however, and is assessed and taxed just the same as other land, under the provisions of sec. 1057c. So in order to avoid double taxation the legislature has adopted the expedient of reducing the valuation of the capital stock by the amount of the valuation of the land.

This is quite plain, simple, and eminently fair. But when the bank has put no part of its capital or assets into the land, but has only entered into a contract to pay certain sums annually as rental of land for a series of years, can it be

said that any part of the gross valuation of capital stock represents the land, or can it be said that the land is taxed at all when the capital stock is taxed? We have been unable to see how this can be answered in the affirmative.

Where the bank owns the land its reasonable value goes into the book value of the stock; where it simply leases land, its value nowhere enters into the book value of the stock, but on the contrary the annual rental enters into the expense account and tends to lower the book value and the market value of the stock.

In view of the purpose of the statute, it is clear to our minds that the word "own" in the statute before us should not be construed as including land held under lease, even though it be a long-time lease with privilege of indefinite renewal.

It follows that the judgment must be modified by reversing that part thereof which directs that the assessed valuation of the land on which the main banking house stands be deducted from the assessed valuation of the capital stock and by reinstating the decision of the board of review in that regard, and that the judgment as so modified must be affirmed.

*By the Court.*—Judgment modified as indicated in the opinion, and as so modified affirmed, with costs to the appellant.