## SIMS ET AL. *v.* FLETCHER SAVINGS AND TRUST COMPANY.

### [No. 24,541. Filed January 9, 1924.]

1. PLEADING.—*Demurrer to Paragraph of Answer.*—*Sustaining when General Denial Pleaded.*—There is no available error in sustaining a demurrer to a good special paragraph of answer when the general denial is pleaded and all the evidence admissible under the special answer is admissible under the general denial, and the error being harmless at the time the ruling was made cannot be made harmful by withdrawing the general denial. pp. 101, 102.

2. TAXATION.—*Banks and Trust Companies.*—*Deductions.*—*Interest on Deposits.*—*Statute.*—Accrued interest on deposits due

on March 1st constitutes *bona fide* indebtedness which, under §76 of the Tax Law of 1919, Acts 1919 p. 198, §10139y2 Burns' Supp. 1921, a bank or trust company may deduct from the gross value of its capital stock for taxation. p. 105.

3. TAXATION.—*Banks and Trust Companies.—Deductions.—Reserve for Taxes.—Statute.*—A reserve for taxes not yet due is not a *bona fide* indebtedness which, under §76 of the Tax Law of 1919, Acts 1919 p. 198, §10139y2 Burns' Supp. 1921, may be deducted by a bank or trust company from the gross valuation of its capital stock for taxation. p. 105.

4. TAXATION.—*Banks and Trust Companies.—Deductions.—Ninety-nine Year Lease.—Statute.*—A ninety-nine year lease of the real estate on which its bank building stands is an interest in real estate within the meaning of §78 of the Tax Law of 1919, Acts 1919 p. 198, §10139y2 Burns' Supp. 1921, which allows so much of the value of its investment in real estate as may be carried in the capital stock account on the first day of March to be deducted from the valuation of its capital stock for taxation. p. 106.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Action by the Fletcher Savings and Trust Company against Fred A. Sims and others, constituting the State Board of Tax Commissioners. From a judgment for plaintiff, the defendants appeal. (Transferred from Appellate Court under §1394 Burns 1914.)  *Affirmed.*

*U. S. Lesh,* Attorney-General, and *Ralston, Gates, Lairy, VanNuys & Barnard,* for appellants.

*Woollen, Cox & Welliver, Charles N. Thompson, Vinson Carter* and *Donald S. Morris,* for appellee.

WILLOUGHBY, J.—The appellee is a trust company organized and doing business under the laws of the State of Indiana, and in this action seeks to have certain deductions made from the total assessed value for taxation of its capital or capital stock, which was denied by appellants, who constitute the State Board of Tax Commissioners of Indiana.

The complaint is in substance as follows: "The plaintiff is a trust company incorporated under the laws

of the State of Indiana and that it exists, operates and does business as such trust company under and pursuant to the laws of the State of Indiana in the city of Indianapolis, Marion county, in said state.

"That defendants are the duly appointed, qualified and acting members of the State Board of Tax Commissioners of Indiana and, as such members, constitute said board by virtue of their said appointment pursuant to the provisions of the statutes of the State of Indiana, embodied in an act of the General Assembly of said state, approved March 11, 1919, and entitled 'An Act concerning taxation, repealing all laws in conflict therewith and declaring an emergency.'"

That under the provisions of said tax law said defendants as such Board of Tax Commissioners are charged with the duty of valuing and assessing for taxation the capital or capital stock of plaintiff and other trust companies of said state according to certain rules and regulations by said law provided and specified.

That to aid and enable said defendants to so value and assess the capital or capital stock of plaintiff, said law required of plaintiff that it should, between the first day of March and the first day of April of each year, make out a statement under oath, in duplicate, amongst other things, showing the true cash value of the entire capital stock of such plaintiff trust company as of the first day of March of the current year and deliver the said statement to the auditor of the county wherein said plaintiff trust company is located, which said statement said auditor was by said law required to forward to said State Board of Tax Commissioners.

The plaintiff did, pursuant to said tax law and to §76 (Acts 1919 p. 198, §10139y2 Burns' Supp. 1921) thereof, between the first day of March and the first day of April, 1919, make its said statement under oath as aforesaid, showing, amongst other things required

by said. statute, the amount of its entire capital stock and the true cash value thereof, as of the first day of March of said year, and did deliver the same to the auditor of. Marion county, Indiana, wherein plaintiff is located as aforesaid; that such statement was by said auditor duly transmitted to said State Board of Tax Commissioners so constituted as aforesaid for the assessment thereon by said state board of plaintiff for taxation for said year; that said statement showed the gross value of the entire capital stock of said plaintiff trust company as represented by and comprising capital, surplus, undivided profits, current profits and reserves for contingencies, rent, interest and taxes to be the sum of $2,094,410.87; that said statement further showed a *bona fide* debt and liability against said gross value for accrued interest on deposits set forth therein as a reserve for interest in the sum of $112,435.16, and in the further sum of $21,972.31 set forth therein as a reserve for taxes, which items of *bona fide* indebtedness did, in fact, then and there exist; that said statement further showed that plaintiff trust company had acquired an ownership in real estate, namely, its bank building in which it transacts its business, by the investment therein of the sum of $639,135.92, which statement in said particular was true; that plaintiff holds a leasehold title to the real estate on which its banking house is situated, at the northwest corner of Market and Pennsylvania Streets in the city of Indianapolis, under which plaintiff has the exclusive right of possession, use, enjoyment and disposition for a period of ninety-nine years, with the privilege of renewal for a further term of ninety-nine years; that, on said real estate, plaintiff has caused to be erected and maintains and occupies a banking house, in the erection of which banking house, it has invested the aforesaid part of its capital, namely, $639,135.92;. that said building is as-

sessed for taxation by the taxing officers of Marion county in the sum of $625,000, and said real estate in the sum of $530,000.

That said tax law and said §76 (Acts 1919 p. 198, *supra*) thereof provide that, in arriving at the true cash value of the entire capital stock of a trust company for the purpose of assessment for taxation, credit shall be given and the *bona fide* indebtedness of such trust company shall be deducted from aforesaid gross value; that by reason of such provision in said law, it became and was the imperative duty of defendants, as such State Board of Tax Commissioners, at its first annual session for the current year of 1919 begun and held on the first Monday of April for the purpose of making original assessments of the property of certain classes of persons and corporations including trust companies, to value and assess for taxation the capital or capital stock of plaintiff as shown by the statement hereinabove referred to, together with such other evidence as might be before said board in the premises; and it became and was then and there the imperative duty of defendants as such board under said law in finding the true cash value for assessment for taxation of plaintiff's capital or capital stock to deduct from the gross cash value thereof the *bona fide* indebtedness of said trust company as shown by said statement as hereinabove set out, and to deduct from said gross cash value, the investment of plaintiff in its bank building hereinabove set forth.

That defendants, as such State Board of Tax Commissioners, at its said first session for the current year of 1919 did consider the aforesaid statement of plaintiff and the matter of the assessment of its capital or capital stock and did find the gross value thereof to be the sum of $2,094,400; that, at said first session, said de-

fendants, as such board, contrary to the express mandate of said tax law and §76 thereof did fail and refuse to deduct from said gross value of plaintiff's capital or capital stock the *bona fide* indebtedness hereinabove averred, namely, the sum of $112,435.16 for accrued interest and the sum of $21,072.31 for taxes for 1918 accrued and payable; and that, at said first session, said defendants as such board contrary to the express mandate of said tax law and §76 thereof, did fail and refuse to deduct from said gross value of plaintiff's capital or capital stock the sum of $639,135.92 thereof invested in its said bank building as hereinabove set forth; but that said defendants, as such board, did, at its said first session, contrary to the express intent and purpose of said tax law, value and assess for taxation the capital or capital stock of plaintiff at said gross sum of $2,094,400.

That thereafter plaintiff did, pursuant to the provisions of said tax law and the rule and regulations of said tax board, apply to said board by its petition in writing for a rehearing and a change and revision of said valuation and assessment by making aforesaid deductions and each of them severally, to be presented and heard at the second session of said board for the current year begun and held July 8, 1919, and continuing twelve days; that said petition for such change in plaintiff's assessment came on to be heard and was, by said defendants as such board, on July 19, 1919, denied, and said tax board then and there finally refused to make said deductions or any of them, and plaintiff's assessment for the current year was finally and definitely, and contrary to the clear import and purpose of said law, fixed at said gross sum of $2,094,400.

That unless enjoined by law and the process of this court, defendants will immediately certify said assessment to the auditor of Marion county who will place

the same on the tax duplicate for the collection of the same by the treasurer of said county and if the taxes on the whole of said assessment are not paid, plaintiff's property will be levied upon and sold therefor and plaintiff will suffer great and irreparable injury for which it has no legal remedy; that in failing and refusing to make said deductions and each of them severally, said defendants as said tax board were and are acting without right or jurisdiction and said assessment is wholly void.

Prayer that a preliminary writ may be issued forthwith against defendants as such State Board of Tax Commissioners enjoining them from certifying said assessment to the auditor of Marion county until the final hearing of this cause and that, upon such final hearing, plaintiff be awarded a mandatory injunction requiring defendants as such tax board to make said deductions and each of them from said gross sum of $2,094,400, and to certify to the auditor of Marion county the sum remaining as the lawful and proper assessment of plaintiff's capital and capital stock for the current year.

A demurrer was filed to the complaint alleging that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and exceptions taken. The appellants then filed an answer in two paragraphs. The first paragraph being a general denial and the second an argumentative denial of that part of the complaint which alleges that the plaintiffs were the owners of a ninety-nine year lease. The appellee demurred to the second paragraph of answer for the reason that said second paragraph did not state facts sufficient to constitute a cause of defense to plaintiff's complaint or to any part thereof. The court sustained the demurrer and defendants reserved an exception. After this demurrer had been sustained, the appellants

withdrew their first paragraph of answer, which was a general denial, and refused to plead further. Judgment was then rendered for plaintiff on demurrer, that: "* * * said defendants as members of and constituting said Board of Tax Commissioners of the State of Indiana be and they are hereby required to deduct from the total assessed valuation of the property of plaintiff for taxation made and fixed by them in the sum of $2,094,400, the sum of $112,435.16, the amount reserved by said plaintiff for interest accrued on deposits as averred in its said complaint and the further sum of $639,135.92, the amount of its capital invested by said plaintiff in acquiring an ownership in real estate as averred in its said complaint, and that said defendants, as said tax board, be permanently and forever enjoined from certifying to the auditor of Marion County for placing on the tax duplicate of said county said assessment of $2,094,400, until said deductions therefrom have been made and that they be permanently and forever enjoined from certifying said assessment as made other than in the sum of $1,342,828.92, the amount of said gross assessment of plaintiff's property after said deductions have been made."

From such judgment, this appeal is taken.

No error can be predicated on the ruling of the court in sustaining appellee's demurrer to appellant's second paragraph of answer. At the time the court made this ruling, there were two answers addressed to appellee's complaint. The first answer was a general denial and the second was a partial answer to the complaint addressed only to that part of it alleging that appellee had acquired an ownership in real estate by investing in its bank building in which it transacts its business the sum of $639,135.92 of its capital stock, which building was erected on ground on which it was averred appellant held a ninety-nine year leasehold with the privilege of

a renewal for a further term of the same length. In this second paragraph of answer it is averred, argumentatively, and by what are purely evidentiary facts, that appellee did not have a ninety-nine year leasehold and hence had not acquired an ownership in the real estate on which its bank building was erected.

Under the averments of that part of the complaint to which the second paragraph of answer was addressed, it was incumbent on appellee, under an issue formed by a general denial, to prove that it had acquired an ownership in the real estate involved as alleged. In refuting such ownership, all of the evidentiary facts averred in the second paragraph of answer, if admissible at all in law to negative ownership, would be admissible under the general denial. This paragraph of answer was simply an argumentative denial of the complaint. At the time the court sustained appellee's demurrer to this second paragraph of answer, no error was available on appeal by its ruling even if the answer was good.

It has often been held by the Supreme Court that there is no available error in sustaining a demurrer to a good special paragraph of answer when the general denial is pleaded and all the evidence admissible under the special answer is admissible under the general denial. 1 Watson, Revision Works Practice §668 and cases cited.

In such cases it is equally well settled that the error being harmless at the time the ruling was made, it cannot be made harmful by withdrawing the general denial and refusing to plead further. This was what was done in the instant case. After the demurrer had been sustained to the second paragraph of answer, the appellant withdrew the first paragraph of answer, which was a general denial, and refused to plead further.

In *Pittsburgh, etc., R. Co.* v. *Hawks* (1899), 154 Ind. 547, it is held that where all evidence admissible under a special answer could have been given under the general denial, which was pleaded, sustaining a demurrer to the special answer is not rendered harmful by the subsequent withdrawal of the general denial. In that case, in discussing this question, on page 548, the court says: "Appellee Hawks insists that the first paragraph of appellant's answer to the cross-complaint was a mere argumentative general denial, and all the evidence that could have been admitted under said paragraph was admissible under the second paragraph of said answer, which was a general denial, and that there was, therefore, no available error in sustaining the demurrer to said paragraph. * * * The proper practice in such case is to move to strike out such a paragraph, but it has been uniformly held by this court that, even if a paragraph of answer is sufficient to withstand a demurrer for want of facts, it is harmless error to sustain a demurrer thereto, if the general denial is pleaded and the same evidence is admissible thereunder that could have been given under said special paragraph, and that the subsequent withdrawal of the general denial will not make said ruling, which was harmless when made, a harmful or available error."

It is unnecessary, therefore, in the instant case to determine whether or not said second paragraph of answer was sufficient to withstand the demurrer, for the reason that, under the practice in this state, all the defenses that could have been made thereunder could have been made under the general denial and all the evidence admissible thereunder was admissible under the general denial. Sustaining the demurrer to said paragraph of answer was, therefore, harmless, and the subsequent withdrawal of the general denial did not render a ruling harmful and available error that was

harmless when made. *Board, etc.,* v. *State, ex rel.* (1897), 148 Ind. 675, 680; *State, ex rel.,* v. *Osborn* (1896), 143 Ind. 671, 680; *Smith* v. *Pinnell* (1895), 143 Ind. 485, 487; *Baltes* v. *Bass, etc., Machine Works* (1891), 129 Ind. 185, 191; *Cincinnati, etc., R. Co.* v. *Smith* (1891), 127 Ind. 461, 464; *Kidwell* v. *Kidwell* (1882), 84 Ind. 224, 228; *Reeder* v. *Maranda* (1879), 66 Ind. 485, 487; *Watson* v. *Lecklider* (1896), 147 Ind. 395, 397; *Jeffersonville, etc., Co.* v. *Riter* (1897), 146 Ind. 521, 526; *Harness* v. *State, ex rel.* (1896), 143 Ind. 420; *Bonebrake* v. *Board, etc.* (1895), 141 Ind. 62; *Board, etc.,* v. *Nichols* (1894), 139 Ind. 611, 618; *Hoosier Stone Co.* v. *McCain, Admr.* (1892), 133 Ind. 231, 233; *Matchett* v. *Cincinnati, etc., R. Co.* (1892), 132 Ind. 334; *Racer* v. *State* (1892), 131 Ind. 393, 401; *Butler* v. *Thornburg* (1892), 131 Ind. 237, 238.

Section 76 of the Tax Law of 1919 (Acts 1919 p. 198, *supra*), among other things, provides as follows: "Whenever any such bank, banking association or trust company, or mortgage guarantee company, individual, partnership or unincorporated association shall have acquired an ownership in real estate, so much of the value of such investment in real estate as may be carried in the capital stock account (capital stock, surplus or undivided profit accounts) on the first day of March of the current year and shown in the statement of assets and liabilities to be filed as herein provided, shall be deducted from the valuation of the capital stock of such bank, banking association or trust company, or mortgage guarantee company, individual, partnership or unincorporated association.

"In making such statement of the true cash value of such shares, the credits shall be given and the bona fide indebtedness of such bank, banking association or trust company, or mortgage guarantee company, individual, partnership or unincorporated association, shall be de-

ducted therefrom as in the case of individuals; and in giving such credits and such deductions, such bank, banking association or trust company, or mortgage guarantee company, individual, partnership or unincorporated association shall file a true statement of all the assets and the liabilities of such bank, banking association or trust company, or mortgage guarantee company, individual, partnership or unincorporated association, the same as carried in its daily statement or balance sheet as of said first day of March of the current year."

In the complaint, it is alleged that a debt and liability against the gross value of the entire capital stock of said plaintiff trust company exists for accrued interest on deposits in the sum of $112,435.16, which item of *bona fide* indebtedness did in fact then and there exist, and in the further sum of $21,972.31, as a reserve for taxes. It is further averred that the plaintiff trust company had acquired an ownership in real estate consisting of its bank building in which its business is transacted, by the investment therein of the sum of $639,135.92; that the plaintiff holds a leasehold title to the real estate on which its banking house is situated and has the exclusive right and possession, use and enjoyment and disposition of the same for a period of ninety-nine years with the privilege of renewal for a further term of ninety-nine years; and that it has caused to be erected and maintains a banking house on said real estate, in the erection of which banking house, it has invested the aforesaid part of its capital stock, namely, $639,135.92. That said building is assessed for taxes by the taxing officers of Marion county in the sum of $625,000, and that said real estate is taxed in the sum of $530,000.

The first question arising is this: "Is appellee entitled to have a deduction from the assessment for the

purpose of taxation of the item of $112,435.16, accrued interest on deposits?" From the allegations in the complaint as above set forth, this amount was a *bona fide* indebtedness existing at the time, which appellee sought to have deducted from the gross value of the capital stock and which appellants failed and refused to deduct. We think that §76 of the Tax Law of 1919 (Acts 1919 p. 198, *supra*), expressly provides for such deduction, therefore, the appellee was entitled to have it made. As to the deduction of $21,-972.31, claimed as a reserve for taxes, it does not appear from the allegations in the complaint that it was a debt then existing against appellee for which it was entitled to a deduction under §76 of the Tax Law of 1919 (Acts 1919 p. 198, *supra*). See *Bradford* v. *Story* (1904), 189 Mass. 104; *Boston* v. *Turner* (1908), 201 Mass. 190; *Lane Co.* v. *Oregon* (1867), 7 Wall. 71, 19 L. Ed. 101; *Meriwether* v. *Garrett* (1880), 102 U. S. 472. If appellee is entitled to have a deduction of $639,135.92, in its assessment for purposes of taxation on account of its alleged investment in real estate, it must do so because such investment is within the provision of that part of §76 of the Tax Law of 1919 (Acts 1919 p. 198, *supra*), above quoted. The question then to be determined is: "Is this amount alleged in the complaint to have been invested in real estate an ownership in real estate within the meaning of the statute?"

It will be observed that the words used in the statute are "shall have acquired an ownership in real estate" and "so much of the value of such investment in real estate as may be carried in the capital stock account on the first day of March of the current year  *  *  * shall be deducted from the valuation of the capital stock of such bank.  *  *  *"

Appellant claims that it should not be deducted because it is personal property and not real estate and

should be taxed as personal property. It ap-
4.  pears from the allegations in the complaint that
the real estate upon which the building stands is
held on a ninety-nine year lease with the privilege of re-
newal. This is a chattel real. A leasehold is an interest
in real estate. *Comer* v. *Light* (1911), 175 Ind. 367, 375;
*Sanders* v. *Partridge* (1871), 108 Mass. 556; *Hyatt* v.
*Vincennes Bank* (1885), 113 U. S. 408, 5 Sup. Ct. 573,
28 L. Ed. 1009; *Moulton* v. *Commissioner* (1922), 243
Mass. 129, 137 N. E. 297; *State* v. *Wheeler* (1896), 23
Nev. 143, 44 Pac. 430; *Coombs* v. *People* (1902), 198
Ill. 586, 64 N. E. 1056; *Binhoff* v. *State* (1907), 49
Ore. 419, 90 Pac. 586; *Bennett, Exr.,* v. *Seibert* (1894),
10 Ind. App. 369; *State, ex rel.,* v. *Leuch* (1913), 155
Wis. 500, 144 N. W. 1122; *Baltimore, etc., R. Co.* v.
*Walker* (1888), 45 Ohio 577, 16 N. E. 475; *Chiesa &
Co.* v. *Des Moines* (1913), 158 Iowa 343, 138 N. W.
922, 48 L. R. A. (N. S.) 899; *Higgins* v. *San Diego*
(1901), 131 Cal. 294, 63 Pac. 470; *Schott* v. *Harvey*
(1884), 105 Pa. 222, 51 Am. Rep. 201. See, also, digest
of cases collected in 2 A. L. R. beginning on page 778.

This was so at common law. Blackstone defines chat-
tels real to be such as concern or savor of the realty as
terms for years and says they are called real chattels
as being interests issuing out of or annexed to real es-
tate. 2 Blackstone's Commentaries 386.

Chancellor Kent says, 2 Kent's Commentaries (Rev.
ed.) 342, "Chattels real are interests annexed to or
concerning the realty, as a lease for years of land; and
the duration of the term of the lease is immaterial, pro-
vided it be fixed and determinate, and there be a re-
version or remainder in fee in some other person."

Appellants, in their brief, cite us to a Wisconsin case,
*State, ex rel.,* v. *Leuch, supra,* decided under a statute
of that state, and say that the legal import of the Indi-
ana statute and the Wisconsin statute are precisely the

same. A reference to these two statutes will completely dispel this idea. The Wisconsin statute provides "that if a building, in which such bank maintains its office and transacts its business be owned by such bank, the assessed value thereof, including the land on which the bank is located, if owned by such bank, shall be deducted from the total value of such shares."

While in the Indiana statute, §76 of the Tax Law of 1919 (Acts 1919 p. 198, *supra*), the interest to be deducted is referred to as "an ownership in real estate" and again in the same section it says "so much of the value of such investment in real estate as may be carried in the capital stock account   *   *   *   shall be deducted   *   *   *."

Under the Wisconsin statute, no authority was given for deducting the value of real estate from the capital stock of the bank unless such real estate and such building were owned by the bank. The Indiana statute does not confine the deduction to be made from the gross value of the capital stock to the land or building owned by the bank; it is sufficient under the Indiana statute if a part of the capital stock has been invested in an interest in real estate. In the Wisconsin case, *State, ex rel.,* v. *Leuch, supra,* it does not appear that any of the capital stock of the bank was invested in the building in which the bank was doing business, while in the instant case, it is alleged that the amount for which a deduction is asked was invested in an interest in real estate. Such investment gave the bank an ownership in real estate within the meaning of §76 of the Tax Law of 1919 (Acts 1919 p. 198, *supra*), and the amount should have been deducted as demanded by appellee. It was not error for the trial court to overrule the demurrer to the complaint.

Judgment affirmed.

Gause, J., not participating.