**In re John Sandoval QUINTANA and Frances Elizabeth Quintana, Debtors.**

**Bankruptcy No. 82 B 4320 J.**

United States Bankruptcy Court,
D. Colorado.

March 11, 1983.

Howard Morrison, Colorado Springs, Colo., for debtors.

John C. Eastlack, Colorado Springs, Colo., for Trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Trustee's Objection to Exemptions. The parties were in agreement as to the facts and the matter was submitted on briefs.

The parties have stipulated to the following facts: The Debtors filed a voluntary petition in bankruptcy under Chapter 7 on September 31, 1982. On November 8, 1982, the Debtors filed an amended Schedule of Exempt Property which claimed as exempt under the Colorado homestead exemption statute, 1973 C.R.S. Sec. 38–41–201, a rental security deposit in the amount of $700.00 and prepaid rent in the amount of $209.70. The sole issue before the Court at this time is whether the Debtors are entitled to claim an exemption for a security deposit and prepaid rent under the homestead exemption.

The Trustee's argument that the homestead exemption applies only to the ownership of real property and not to a leasehold interest is contrary to the settled law in Colorado. As early as 1894, in *Dallemand v. Mannon,* 4 Colo.App. 262, 35 P. 679, it was recognized that the homestead exemption could apply to a leasehold interest in property. In *In re Hellman,* 474 F.Supp. 348 (D.Colo.1979), the District Court, in construing the homestead exemption in a bankruptcy case stated:

> We hold that property occupied and used by husband and wife as their home is entitled to a homestead exemption, whether occupied by the husband and wife under a lease for term of years or by virtue of ownership of fee simple title. *Id.,* 474 F.Supp. at 350.

*See also, In re Parrish,* 19 B.R. 331 (Bkrtcy. Colo.1982); *In re Ferguson,* 15 B.R. 439. (Bkrtcy.Colo.1981).

Other recent cases in this district have interpreted the homestead exemption in leaseholds to extend to prepaid rents, *Genova v. Aguilar,* 82 C 0820 (Bankr.Colo.1982) (unpublished opinion), and security deposits, *Detamore v. Beckham* 82 C 2387 (Bankr. Colo.1983) (unpublished opinion). In *Detamore v. Beckham, supra,* Judge Clark stated:

> Since this Court previously has ruled that a debtor can claim a homestead exemption in pre-paid rents, it is but a small extension of that reasoning to allow the homestead exemption to be claimed in a security deposit which can be applied to unpaid rents.

This Court is in accord with the reasoning in *Genova v. Aguilar, supra* and *Detamore v. Beckham, supra.* I hold that the homestead exemption applies to pre-paid rents and to security deposits which can be applied to rent. There is no evidence in the record to suggest that the $700.00 security deposit held by the Debtor's landlord could not be applied to unpaid rents. The Colorado statute regarding return of security deposits, C.R.S.1973 Sec. 38–12–101 *et seq.,* defines a security deposit as "any advance or deposit of money, regardless of its denomination, the primary function of which is to secure the performance of a rental agreement..." 1973 C.R.S. Sec. 38–12–102(2). The statute further states: "Nothing in this section shall preclude the landlord from retaining the security deposit for nonpayment of rent..." 1973 C.R.S. Sec. 38–12–103(1). Thus, under Colorado law, the Debtors' security deposit could be applied toward unpaid rents. Therefore, the homestead exemption of 1973 C.R.S. Sec. 38–41–201 may be claimed in the $700.00 security deposit as well as the $209.70 prepaid rent.

For the foregoing reasons, it is ORDERED that the Trustee's Objection to Exemptions is denied.