**In re Jesse L. LANE and Carolyn H. Lane, Debtors.**

**Jesse L. LANE and Carolyn H. Lane, Plaintiffs,**

v.

**SMALL BUSINESS ADMINISTRATION, Defendant.**

**Bankruptcy No. 586–50260. Adv. No. 586–5097.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Sept. 29, 1987.

R. Byrn Bass, Jr., The Bass Law Firm, Lubbock, Tex., for debtors.

Gail Robertson, Attorney–Advisor, U.S. Small Business Admin., Lubbock, Tex., for the SBA.

## MEMORANDUM OF OPINION

JOHN C. AKARD, Bankruptcy Judge.

Jesse L. Lane and Carolyn H. Lane (Debtors) filed this Adversary Proceeding to determine the validity of liens held by the United States Small Business Administration (SBA) on approximately 158 acres of land in Parmer County, Texas (Subject Property). The Debtors assert that the Subject Property is their rural homestead and that the SBA's liens are therefore not valid.

### FACTS

The Debtors acquired the Subject Property in January, 1975. Since that time it has constituted the only real estate owned by the Debtors. They have continuously farmed the land since they acquired it. There were no houses or places of residence on the Subject Property until the Debtors placed a trailer house on the property sometime in 1984. Mr. Lane occasionally occupied the trailer while farming the land. The family moved into the trailer to use it as their home in early 1986.

By Deed of Trust dated February 16, 1977, but acknowledged on February 23, 1977, the Debtors granted a lien on the Subject Property to the Bank of the Southwest (Bank) to secure two notes in the amounts of $125,000.00 and $97,000.00. The Bank duly recorded the Deed of Trust. On February 23, 1977, the Debtors signed a Non–Homestead Designation and Designation of Homestead which was "made to enduce the Bank of the Southwest to make a mortgage loan secured by a secondary and inferior Deed of Trust on [the Subject Property] and as additional collateral for any loans so made." In that document, the Debtors stated:

That neither of them now resides upon, uses in any manner, claims as a rural

homestead and has no present intention of ever in the future residing upon, using or claiming as a rural or residential homestead, and does hereby renounce and disclaim any homestead right, interest or exemption in [the Subject Property].

The document further recited that they resided upon, used and claimed as their legal homestead 200 acres of land located in Castro and Parmer Counties, Texas, which they leased from R.W. Woodruff (the Woodruff Place). The Woodruff Place is located several miles from the Subject Property.

The Debtors leased the Woodruff Place in 1968. They moved onto the Woodruff Place in 1969 and resided in a house on that property until 1985 when they moved to a house in Dimmitt, Texas. The family resided in the house in Dimmitt until they moved to the Subject Property in early 1986.

Mr. Lane testified he signed the homestead affidavit without reading it. Mrs. Lane did not testify. The Bank later transferred its lien to the SBA.

On January 5, 1979, the Debtors gave a Deed of Trust on the Subject Property to the SBA to secure a note for $30,400.00 issued in connection with the SBA Disaster Program. On October 15, 1979, the Debtors gave another Deed of Trust on the Subject Property to the SBA to secure a note for $13,100.00. The SBA duly recorded both Deeds of Trust, neither of which contained a homestead designation.

### DISCUSSION

The Texas Constitution defines a rural homestead as follows:

The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; ... provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the homestead claimant.... Tex. Const. art. XVI, § 51 (Vernon Supp. 1987).

Liens may be placed upon the homestead only for purchase money, ad valorem taxes on the property, and improvements to the property. Tex. Const. art. XVI, § 50 (Vernon Supp.1987). The parties stipulated that the SBA's liens do not fall into any of those categories.

■ In Texas, homestead rights can attach to leased premises. *Sterling Nat. Bank & Trust Co. of New York v. Ellis*, 75 S.W.2d 716 (Tex.Civ.App.—Amarillo 1934, writ dism'd).

The Debtors cite the long-standing principle of Texas law that:

> If property be homestead in fact and law, lenders must understand that liens cannot be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to the fact, will enable parties to evade the law, and incumber homestead with liens forbidden by the constitution. (Citations omitted.)

*Texas Land & Loan Co. v. Blalock*, 76 Tex. 85, 13 S.W. 12, 13 (Tex.1890). This principle of Texas law has recently been recognized by the United States Court of Appeals for the Fifth Circuit. *Truman v. Deason (In re Niland)*, 825 F.2d 801 (5th Cir.1987).

■ An estoppel will arise, however, where the homestead disclaimer is consistent with the physical facts. *Schwarzer v. Calcasieu Lumber Co.*, 176 S.W.2d 597 (Tex.Civ.App.—Austin 1943, no writ) (where debtors lived in a house on the adjacent lot and designated that as homestead, they were estopped to deny the homestead declaration.); *Alexander v. Wilson*, 124 Tex. 392, 77 S.W.2d 873 (1935) (lien on farm property held valid because of non-homestead designation where visible circumstances did not apprise the lender that the debtors were claiming the farm as

their homestead.); *see also In re Parker*, 27 B.R. 932 (Bankr.N.D.Tex.1983).

At the time the Debtors gave the lien to the Bank, they could have designated either the Subject Property[1] or the Woodruff Place as their homestead. They chose to designate the Woodruff Place. That designation was consistent with the physical facts and the Bank could rely on it. The SBA, as the assignee of the Bank could also rely on that homestead designation with respect to that Deed of Trust.

Did the SBA rely on that designation in making the 1979 loans? The records of the SBA indicate that it did rely on that homestead designation. The homestead designation was made only two years before and was consistent with the physical facts. The Debtors still resided on and farmed the Woodruff Place. There was nothing to put the SBA on notice that the Debtors had in any way changed their mind about their homestead. Under these circumstances, the 1979 liens of the SBA are valid and the Debtors are estopped to claim the Subject Property as homestead with respect to the liens held by the SBA.

On April 29, 1986, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code and claimed the Subject Property as their homestead. They are entitled to claim the Subject Property as their homestead in these bankruptcy proceedings but that designation of homestead, being made long after the Deeds of Trust to the Bank and the SBA, is subject to those Deeds of Trust.

Order accordingly.[2]

---

**1.** Technically, they could have claimed the Subject Property and a portion of the Woodruff Place to comprise a total of 200 acres. The rural homestead need not be in one tract. *Rancho Oil Co. v. Powell,* 142 Tex. 63, 175 S.W.2d 960 (1943).

**2.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.