**In the Matter of Eudean M. BUZZELL and Patricia K. Buzzell, Debtors.**

**Bankruptcy No. BK89–80687.**

United States Bankruptcy Court, D. Nebraska.

Jan. 17, 1990.

David Pederson, North Platte, Neb., Chapter 7 trustee.

Bert E. Blackwell, McCook, Neb., for debtors.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on October 6, 1989, regarding trustee's objection to the claimed exemptions of the debtors. Appearing on behalf of the trustee was David W. Pederson, Chapter 7 Trustee, of North Platte, Nebraska. Appearing on behalf of the debtors was Bert E. Blackwell of McCook, Nebraska.

In accordance with the Stipulation of Facts agreed to by both parties in this matter, this Court finds that Eudean M. Buzzell and Patricia K. Buzzell, debtors, (debtors) have a long-term lease in the real estate where their mobile home is located. This Court finds in accordance with the Stipulation of Facts that the debtors' interest in the real estate is essentially for the lifetime of the debtors until both of them are dead.

The debtors have claimed the equity in their real estate lot, mobile home and garage under Neb.Rev.Stat. § 40–101 (1988), as exempt property. Section 40–101 states in part as follows:

A homestead not exceeding $10,000 in value shall consist of the dwelling house in which the claimant resides, its appurtenances, and the land on which the same is situated, not exceeding 160 acres of land, to be selected by the owner ... and shall be exempt

. . . .

In this case, the debtors do reside in habitation on the premises in which they are claiming a homestead. The homestead claimant is required to be the owner of the present possessory interest in the homestead property. This requirement has two facets: (1) the property interest required to support the homestead exemption; and (2) the type of property which may be claimed as a homestead. *In re Foley*, 97 F.Supp. 843, 844 (D.Neb.1951).

As one commentator has stated, the Nebraska Homestead Act does not specify the nature of the property interest which must be owned by the claimant in order to qualify for the exemption. However, numerous cases in Nebraska have bridged the gap with regard to the ownership requirement. R. Duncan, *Through the Trap Door Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978*, 60:219 Neb.L.Rev. 219, 243 (1981).

The homestead exemption is not limited to property held in fee simple. A life estate or leasehold interest in the homestead tract is sufficient. As stipulated by both parties, this Court finds that this present leasehold interest is essentially a life estate which is held to be capable of supporting a homestead interest. *Downing v. Hartshorn*, 69 Neb. 364, 95 N.W. 801 (1903). In accordance with *First Nat'l. Bank v. McClanahan*, 83 Neb. 706, 120 N.W. 185, 187 (1909), the homestead law has always been liberally construed in the

State of Nebraska with a view to promoting its beneficial purpose.

The Nebraska Courts have taken a liberal view of the type of improvements which satisfy the "dwelling house" requirement. In *Corey v. Schuster*, 44 Neb. 269, 62 N.W. 470 (1985), the court stated as follows:

> The law does not contemplate by the word "dwelling house" any particular kind of house. It may be a "brownstone front," all of which is occupied for residence purposes, or it may be a building part of which is used for banking or business purposes, or it may be a tent of cloth. All that the law requires on the subject is that the homestead claimant and his family should reside in this habitation or dwelling house, whatever be its character, on the premises claimed as a homestead.

*Id.* at 275, 62 N.W. at 472.

In Nebraska, mobile homes are included in the protection of the homestead legislation, if permanently annexed. *In re Foley*, 97 F.Supp. 843, 845–97 (D.Neb.1951).

This Court finds as a matter of fact that the mobile home is permanently annexed due to the addition constructed out of wood and added on to the mobile home. This Court finds that the debtors are entitled to the homestead exemption as claimed under Neb.Rev.Stat. § 40–101 (1988).

IT IS ORDERED:

Trustee's objection to the claim of exemptions made by the debtors is overruled. This Court finds that pursuant to Neb.Rev. Stat. § 40–101 (1988), the debtors have a homestead exemption in the property.