**In re Lee Michelle NAGEL, Debtor.**

**Bankruptcy No. 97–11093–FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Sept. 16, 1997.

Steven P. Boney, Boney & Larson, Austin, TX, for Debtor.

C. Daniel Roberts, C. Daniel Roberts & Associates, P.C., Austin, TX, for Chapter 7 Trustee.

## MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO EXEMPTIONS

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on July 7, 1997 at 10:00 a.m. upon the Trustee's Objection to Exemptions in the above entitled and numbered case. Subsequent to the hearing, the Court was furnished with briefs of the parties on the legal issue in question. Based upon the record established at the hearing, the briefs of the parties, and the Court's own independent research, this Memorandum Opinion is being issued as written findings of fact and conclusions of law under Bankruptcy Rules 7052 and 9014.

### STATEMENT OF JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). It is, therefore, a contested matter over which this Court has the jurisdiction to enter a final order under 28 U.S.C. § 1334(a), (b) and (d), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151 and the Standing Order of Reference from the United States District Court for the Western District of Texas.

### FINDINGS OF FACT

The Debtor filed her Chapter 7 petition on March 27, 1997. One of the assets she owned at that time was a leasehold interest in the real property located at 7205 Walden Drive, No. 208, Austin, TX 78750 pursuant to a lease contract effective August 1, 1996. The lease contract was for a one-year term and was renewable at the option of the Debtor. The Debtor also placed with the landlord, pursuant to the lease contract, a security deposit in the amount of $1,100.00, a pet deposit of $1,000.00, and prepaid rent in the amount of $1,000.00.

The Debtor claimed the leasehold interest as exempt, including the security deposits and the prepaid rent. The trustee objected to the exemption of the security deposits and the prepaid rent contending that there is no provision under the Texas Property Code for exemption of this type of property.

### LEGAL ANALYSIS

It is clear that the Debtor's leasehold interest is exempt from claims of creditors as her homestead. See *Capitol Aggregates, Inc. v. Walker*, 448 S.W.2d 830, 832 (Tex.Civ.App.Austin 1969). The question is whether or not the deposits made by the Debtor to the landlord pursuant to the lease agreement which established the leasehold interest of the Debtor are exempt as well.

No case authority has been cited on this issue. It is apparently a case of first impression.

The argument of the trustee is that the deposits should be viewed separately from the leasehold interest. This is hard to do. The leasehold interest and the deposits both arise from the same lease contract. They cannot, therefore, be separated. This concept is not a concept which is foreign to bankruptcy law. For example, real estate lease contracts are executory contracts. Executory contracts which are not exempt must either be assumed or rejected by a trustee in a Chapter 7 case. See 11 U.S.C. § 365(a). It is hornbook law that an executory contract cannot be assumed in part and rejected in part. It is either all or nothing.

The same analysis should, therefore, be applied to an executory contract which is exempt. Here the lease contract creates a leasehold interest which serves as the debt-

or's homestead. Clearly that leasehold interest is exempt. Can it be that we should consider that leasehold interest as exempt separate and apart from the lease contract which created it? Obviously not, it only exists because of the lease contract. Therefore, the lease contract itself must also be exempt in toto or not exempt in toto. One or the other; not half exempt and half not exempt.

It is undisputed that the Debtor uses the premises leased from the landlord as her homestead. It is also undisputed that in order to do so, the Debtor was required to, and did, place with the landlord at the inception of the contract, $2,100.00 in security deposits and $1,000.00 in prepaid rent. The most reasonable conclusion of law would be one that is consistent with the Bankruptcy Code's overall treatment of executory contracts. Since they can be assumed and/or rejected only in toto, it seems they should be exemptible or not exemptible only in toto.

Accordingly, since the leasehold interest created by the lease contract is clearly exempt as the Debtor's homestead, all other rights of the Debtor (and obligations) should be allowed to her as exempt as well. Therefore, the security deposits in the amount of $2,100.00 and the prepaid rent of $1,000.00 will be allowed as exempt.