**In re Matthew J. CASSERINO and Joani M. Casserino, Debtors.**

**No. 699–66978–AER7.**

United States Bankruptcy Court, D. Oregon.

Aug. 15, 2002.

Gregory Christensen, Corvallis, OR, for debtors.

Ronald Sticka, Eugene, OR, for trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Chief. Judge.

This matter comes before the court on the Chapter 7 trustee's objection to debtor's claim of exemption, in prepaid rent and a security deposit.

### BACKGROUND:

The facts are not disputed. On November 22, 1999, Matthew Casserino (debtor) filed a joint Chapter 7 petition with his then wife, Joani Casserino. When he filed, debtor was separated from his wife and living in a rented premises in Lebanon, Oregon. Before filing, he paid his landlord $750 as last month's rent (rent) and $500 as a security deposit (deposit), ($100 of which was "nonrefundable"). The rent and deposit were applied to a month to month tenancy, memorialized in an agreement executed on September 24, 1999.

The rent and deposit were not initially scheduled but were disclosed at the meeting of creditors. After the trustee filed an adversary proceeding against the landlord for turnover of the rent and deposit, debtor amended his schedules listing, as assets, the rent and the $400 refundable portion of the deposit. He claimed their full value exempt as a homestead under Oregon law. The trustee has objected. This case concerns the scope of Oregon's homestead exemption.

1. ORS 23.240 provides in pertinent part:
   A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by

### DISCUSSION:

■ ORS 23.240(1) provides that a single debtor is entitled to exempt up to $25,000 in equity in his homestead.[1] The homestead must be the "actual abode of and occupied by the owner, or the owner's spouse, parent or child...." There is no dispute that the Lebanon, Oregon property was debtor's actual abode at the time of filing.

■ The homestead statute is remedial in nature and is to be construed liberally to advance its purpose. *In re Stratton*, 269 B.R. 716 (Bankr.D.Or.2001). As stated by the Oregon Supreme Court:

> The object of the homestead exemption laws is well understood. This object is to assure to the unfortunate debtor, and his equally unfortunate but more helpless family, the shelter and the influence of home; and, in its promotion, courts may well employ the most liberal and humane rights of interpretation.

*Banfield v. Schulderman, et al. (In Re Banfield's Estate)* 137 Or. 167, 178–179, 298 P. 905, 907 (1931) (internal citations omitted). Under Oregon law, a homestead may be claimed in any interest in property that carries with it the right of possession. *In Re White*, 727 F.2d 884 (9th Cir.1984); *see also; Fiet v. O'Dwyer*, Civ. # 85–984–LE (D.Or. September 13, 1985) (unpublished) (Leavy, J.). Since a month to month tenancy carries with it the right of possession, it will support a homestead exemption.[2] The question here is whether the rent and deposit are so tied to that

law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor ...

2. The trustee takes no issue with this proposition.

tenancy as to come under it for purposes of the homestead exemption. There is no Oregon authority on point.

■ The trustee argues that the rent and deposit are akin to an account or some other form of cash. Accordingly, only the exemption provided by ORS 23.160(1)(n), (Oregon's pourover exemption)[3] applies. Debtor argues that the rent and deposit are integral to his tenancy, thus covered by the exemption. Other courts interpreting statutes similar to Oregon's have held that prepaid rents and security deposits are exempt, recognizing that a leasehold is exempt, thus rights attendant thereto are likewise exempt. *See, In Re Quintana*, 28 B.R. 269 (Bankr.D.Colo.1983)[4] (construing the Colorado homestead exemption); and *In Re Nagel*, 216 B.R. 397 (Bankr.W.D.Tx. 1997)[5] (construing the homestead exemption provided by Texas law). The *Nagel* court emphasized that a lease is an executory contract and rights arising thereunder should be either exempt in toto or not exempt in toto.[6]

This Court is persuaded that the reasoning of the *Quintana* and *Nagel* courts is correct. To hold otherwise allows trustees to interfere with the exemption rights granted to debtors under Oregon law. Frequently, the landlord (although it may have a security interest in the rent and deposit) may turn the money over to the trustee upon demand and require that the debtor restore the deposit in order to remain in possession of the debtor's abode.

---

3. The statute has since been renumbered to ORS 23.160(1)(*o*). The parties have stipulated that the pourover exemption has been applied to other assets.

4. Colorado's homestead exemption, C.R.S 38–41–201, provided at the time:

> Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy or execution thereon.

The year after *Quintana*, Colorado passed C.R.S. § 13–54–102(1)(r) specifically making security deposits exempt. The homestead statute itself has since been amended in ways immaterial to the issue at bar.

5. Texas' homestead statute, V.T.C.A. Property Code § 41.002, provided at the time in pertinent part:

> a) If used for the purposes of an urban home or as a place to exercise a calling or business in the same urban area, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than one acre of land which may be in one or more lots, together with any improvements thereon.

> (b) If used for the purposes of a rural home, the homestead shall consist of:
> (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
> (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.
> . . . .
> (d) The definition of a homestead as provided in this section applies to all homesteads in this state whenever created.

The statute has since been amended in ways immaterial to the issue at bar.

6. Here the month to month tenancy was unexpired as of the petition's filing. The trustee did not move to assume it within 60 days of the order for relief. It was thus deemed rejected under 11 USC § 365(d)(1). Post rejection, debtor moved to compel the estate to abandon the rent and deposit. At the hearing on the motion, the trustee represented the adversary proceeding against the landlord had been settled with the estate to receive turnover of the rent and deposit. In light of these representations, the court denied the motion to compel abandonment. This ruling however must be viewed in light of the settlement, and should not be construed as generally establishing the rights of parties post § 365(d)(1) rejection.

Debtors who are unable or unwilling to make such double payment may be evicted from their homestead. Oregon's policy that the homestead exemption be given a liberal and humane interpretation, mitigates against such a result.

Due to the foregoing, the court concludes that the debtors may properly claim the rent and deposit exempt as part of the homestead exemption allowed pursuant to ORS 23.240. This opinion constitutes the court's findings of facts and conclusions of law, they shall not be separately stated. An order consistent herewith shall be entered.