**In re: Peter P. NGHIEM, Debtor,**

**Peter P. Nghiem, Appellant,**

**v.**

**Hamid Ghazvini, et al., Appellees.**

No. 01–16632.
BAP No. NC–00–01580–PKMa.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 23, 2002.

Before BERZON and RICHARD C. TALLMAN, Circuit Judges and MILLER,* District Judge.

## MEMORANDUM **

The threshold issue is whether Debtor's claims are barred by the doctrine of res

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

judicata because he failed to raise the claims in an unlawful detainer action prosecuted in the Superior Court for Santa Clara County. We conclude that Debtor is attempting to relitigate issues previously adjudicated against him in the Santa Clara County Superior Court. Because the parties are familiar with the pertinent facts, we do not state them here.

As noted in *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525, 528–29 (9th Cir.1998),

> [t]he doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies. *Robertson v. Isomedix, Inc. (In re Int['l] Nutronics)*, 28 F.3d 965, 969 (9th Cir.1994). Thus, [r]es judicata bars all grounds for recovery that *could have been asserted*, whether they were or not, in a prior suit between the same parties on the same cause of action. *Id.* (alteration in original) (citation omitted). That applies to matters decided in bankruptcy. *See id.* (internal quotation marks omitted).

The Bankruptcy Court found that Debtor was barred from challenging the adequacy of the foreclosure proceedings because those issues had been raised in state court during the unlawful detainer action. After an evidentiary hearing, the Superior Court for Santa Clara County addressed the adequacy of the foreclosure procedures, finding that GMAC Mortgage Corp. complied with the foreclosure procedures set forth in California Civil Code § 2924—the same procedures challenged by Debtor in the present appeal.

Here, the parties to the unlawful detainer action are the same parties before this Court. The state court judgment was on the merits. Debtor's claims that the August 11, 1999 notice violated his due process rights or the alleged rule of "better notice" set forth in *In re Tome (Tome v. Baer)*, 113 B.R. 626 (Bankr.C.D.Cal.1990), could have been asserted, but were not. Accordingly, Debtor is barred from now raising these claims.

Each party shall bear its own costs on appeal.

AFFIRMED.