In re Matthew J. CASSERINO and Joani M. Casserino, Debtors.

Ronald R. Sticka, Chapter 7 Trustee, Appellant,

v.

Matthew J. Casserino and Joani M. Casserino, Appellees.

BAP No. OR–02–1512–MoRyB.

Bankruptcy No. 699–66978–aer7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued By Video Conference and Submitted on Jan. 23, 2003.

Filed Feb. 28, 2003.

Ronald E. Sticka, Eugene, OR, Pro se.

Gregory Christensen, Corvallis, OR, for Matthew and Joani Casserino.

Before MONTALI, RYAN and BRANDT, Bankruptcy Judges.

## *OPINION*

MONTALI, Bankruptcy Judge.

A debtor claimed a homestead exemption in the prepaid rent and the refundable portion of a security deposit paid by him to his landlord. The bankruptcy court overruled the trustee's objection to the homestead exemption. Trustee appeals. We AFFIRM.

## I.

## FACTS

On November 22, 1999, appellee Matthew Casserino ("Debtor") filed a joint Chapter 7 petition with his then wife. At the time of filing, Debtor was separated from his wife and was living in rental property. To obtain the rental housing, Debtor signed a rental agreement on September 24, 1999, and paid his landlord $2,000, representing the first month's rent ($750), the last month's rent ($750) (the "rent"), and a $500 security deposit, of which $400 was refundable (the "deposit").

Debtor did not initially disclose the rent and deposit in his schedules, although the homestead exemption was claimed for the house in which his estranged wife separately resided. On November 6, 2001, Appellant Ronald R. Sticka ("Trustee") filed an adversary proceeding against Debtor's

landlord for turnover of the rent and the deposit. Debtor thereafter amended his schedules to list the rent and the deposit as assets. He claimed their full value as exempt under Oregon law.

On March 1, 2002, Trustee filed his objection to the Debtor's claimed exemptions (the "Objection"). Specifically, Trustee contended: "There is no statutory basis to claim homestead exemption in rental deposit and prepaid rent. Exemption should also be denied as in bad faith with sanctions awarded to trustee. This is amplified in trustee's separate motion." On March 19, 2002, Debtor filed a Request for Hearing on Objection to Claimed Exemption and a motion to compel abandonment of the deposit and rent.

On April 4, 2002, the court held a hearing on Trustee's Objection.[1] At the hearing, the bankruptcy court attempted to clarify the nature of Debtor's homestead exemption and of Trustee's Objection:

> Let me inquire, because I want to be clear if we're going to go forward with the argument, on what we're arguing about. My understanding was the argument turned on a deposit that had been made to the landlord. And I think we're talking about $1,150 of a deposit. So, we're not talking about claiming an exemption in the leased premises, but rather in the deposit. And if I don't understand correctly, I need to be corrected.

In response, Trustee stated:

> No, your understanding is correct, your Honor. That's precisely the issue [sic] is whether or not there can be a homestead exemption claim in rent de-

posits which had been posted at an earlier time, but which had not been earned, for which the trustee believes the landlord is accountable as holding money to which the landlord is not entitled.

> \* \* \* \* \* \*

> I think the homestead exemption statute is pretty clear. I don't think the issue we need to deal with here is what type of estate is involved. I'm not claiming something that relates to an estate in land, so I don't think we need to deal with even the leasehold issue.

The bankruptcy court took the matter under advisement and issued a Memorandum Opinion on August 15, 2002, indicating that it would overrule Trustee's Objection. *In re Casserino*, 282 B.R. 490 (Bankr.D.Or.2002). The court entered its Order Denying Trustee's Objections to Claimed Exemptions on August 15, 2002, and Trustee filed a timely notice of appeal on August 22, 2002. The order has been stayed pending appeal.

## II.

### ISSUE

Did the bankruptcy court err in concluding that Debtor may claim a homestead exemption in the rent and deposit?

## III.

### STANDARD OF REVIEW

 "The scope of a state law exemption involves construction of state law, which is reviewed *de novo.*" *Yaden v. Osworth (In re Osworth)*, 234 B.R. 497, 498 (9th Cir. BAP 1999) (citation omitted).

---

1. The transcript of the hearing indicates that the hearing was set on Trustee's separate motion for sanctions (which has not been included in the excerpts of record). The parties and the bankruptcy court agreed that the court should consider the substantive issue of whether Debtor could claim a homestead exemption in the rent and deposit before addressing the request for sanctions. Thus, they proceeded as though the hearing had been scheduled on Trustee's objection to Debtor's claim of exemption.

## IV.

## JURISDICTION

An order denying or granting a claimed exemption is final for appeal purposes and we therefore have jurisdiction to hear an appeal of that order. *White v. White (In re White)*, 727 F.2d 884, 886 (9th Cir.1984); 28 U.S.C. § 158(b).

## V.

## DISCUSSION

■ A debtor in bankruptcy is entitled to exempt certain assets from the bankruptcy estate. 11 U.S.C. §§ 522, 541. Oregon has "opted out" of the federal exemption scheme (Or.Rev.Stat. § 23.305 (2001)), so Oregon homestead exemption law controls whether the rent and deposit are exempt. The relevant date for determining the status of exemptions is the petition

date. *Little v. Reaves (In re Reaves)*, 285 F.3d 1152, 1156 (9th Cir.2002); *Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 684 (9th Cir. BAP 2000), *aff'd,* 35 Fed.Appx. 592 (9th Cir.2002); *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 585 (9th Cir. BAP 1996).

Oregon Revised Statute section 23.240 ("section 23.240") [2] provides that a homestead "shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000...." Or.Rev.Stat. § 23.240 (2001). While the homestead must "be the actual abode and occupied by the owner," a sale of the property shall not impair the exemption. Or.Rev.Stat. § 23.240(1)(c).

Section 23.240 does not define "homestead," [3] although it does refer to the "ac-

---

**2.** The Oregon homestead exemption statute provides in relevant part:

(1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, *except as otherwise provided by law.* The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $33,000. The homestead must be the actual abode and occupied by the owner, or the owner's spouse, parent or child, but the exemption shall not be impaired by:

(a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;

(b) Removal or absence from the property; or

(c) The sale of the property.

(2) The exemption shall extend to the proceeds derived from such sale to an amount not exceeding $25,000 or $33,000, whichever amount is applicable under subsection (1) of this section, if the proceeds are held for a period not exceeding one year and

held with the intention to procure another homestead therewith.

\* \* \* \* \* \*

(5) Except as provided in subsection (7) of this section, no homestead that is the actual abode of and occupied by the judgment debtor, or that is the actual abode of and occupied by a spouse, dependent parent or dependent child of the judgment debtor, shall be sold on execution to satisfy a judgment that at the time of entry does not exceed $3,000. However, such judgment shall remain a lien upon the real property, and the property may be sold on execution:

(a) At any time after the sale of the property by the judgment debtor; and

(b) At any time after the property is no longer the actual abode of and occupied by the judgment debtor or the spouse, dependent parent or dependent child of the judgment debtor.

Or.Rev.Stat. § 23.240 (2001).

**3.** Although this provision does not define "homestead," Oregon tax statutes define "homestead" as the "taxable principal dwelling located in Oregon, either real or personal property, *rented* by the taxpayer ..." and as "the owner occupied principal dwelling, either real or personal property, *owned* by the

tual abode of ... the owner." The bankruptcy court treated the debtor (a lessee) as an owner of a possessory interest in the rented property and thus an "owner" for the purposes of the Oregon homestead statute. Trustee disagrees with this interpretation, arguing that a debtor's ownership interest must entitle him to proceeds from a sale of the property as described in subsection (2) of section 23.240 and entitle him to sell the property as contemplated in subsection (5) of section 23.240. In response, Debtor argues that Trustee has waived any argument regarding the right of a tenant to claim a homestead exemption in the leased property. Even if the argument had not been waived, Debtor contends that section 23.240 does apply to a tenant's interests in a leasehold. We will address each of these arguments in turn.

A. *Did Trustee Waive His Argument That A Leasehold Estate Is Not a Homestead Under Oregon Law?*

■ At the hearing on April 4, 2002, the bankruptcy court and the Trustee engaged in the colloquy described above in the "Facts" section. In particular, in response to the court's query whether Debtor was claiming an exemption in the rent and the deposit rather than in the leased premises, Trustee agreed that the issue was whether a homestead exemption could be claimed in "rent deposits" and further stated "I don't think the issue we need to deal with here is what type of estate is involved. I'm not claiming something that relates to an estate in land, so I don't think we need to deal with even the leasehold issue." In light of these statements, the bankruptcy court noted in its Memorandum Opinion that Trustee "takes no issue with [the] proposition" that "[s]ince a month to month tenancy carries with it the right of possession, it will support a homestead

exemption." *Casserino,* 282 B.R. at 491 (n. 2 and accompanying text).

Nothing has been provided in the record showing that Trustee argued before the bankruptcy court (either in writing or in oral argument) that section 23.240 excludes possessory leasehold interests. Rather, Trustee primarily argued that the rent and deposit were accounts or funds and thus not real property interests entitled to the protection of the homestead exemption. Nonetheless, the record does not contain any concession by Trustee that a month to month tenancy carrying a right to possession will support the homestead exemption, notwithstanding the bankruptcy court's statement that "[Trustee] takes no issue with this proposition." *Id.*

In addition, the question had been placed at issue by Debtor prior to the hearing in his Request for Hearing On Objection to Claimed Exemption, when he argued that "ORS 23.240 does not require the Debtor to have vested legal or equitable title to the subject residential real property, the statute requires the debtor legal right [sic] to have possession (actual abode and occupied by the debtor)." Although an appellate court generally will not consider arguments raised for the first time on appeal, it may address arguments that had been raised by the opposing party. *Nghiem v. Ghazvini (In re Nghiem),* 264 B.R. 557, 560 n. 5 (9th Cir. BAP 2001), *aff'd,* 53 Fed.Appx. 489 (9th Cir.2002). Therefore, we will consider on appeal whether the Oregon homestead exemption statute covers leasehold interests.

B. *Are Possessory, Leasehold Interests Covered By the Oregon Homestead Exemption?*

■ A strong policy underlies Oregon law favoring liberal interpretation of ex-

taxpayer..." Or.Rev.Stat. §§ 310.630(5) and 311.666(3).

emption statutes for the benefit of a debtor. *In re Stratton,* 269 B.R. 716, 718 (Bankr.D.Or.2001). As the Oregon Supreme Court stated in *Banfield v. Schulderman (In re Banfield's Estate),* 137 Or. 167, 178–79, 298 P. 905 (1931):

> The object of the homestead exemption laws is well understood. This object is to assure to the unfortunate debtor, and his equally unfortunate but more helpless family, the shelter and the influence of home; and, in its promotion, *courts may well employ the most liberal and humane rules of interpretation.*

(Emphasis added). *See also Wilkinson v. Carpenter,* 277 Or. 557, 565, 561 P.2d 607, 611 (1977) (the purpose of the homestead exemption, "is not only to insure indigent individuals the comforts of home, but also to protect the general economic welfare of all citizens, creditors and debtors alike, by promoting the stability and security of our society"). We must therefore examine section 23.240 in light of this policy of liberal interpretation when determining if leasehold and possessory interests are included within its scope.

As Trustee argues, section 23.240 does mention "owners" and the rights of an "owner" to exempt proceeds of a sale. The section, however, does not define "homestead" and does not define "owner." It solely requires that the homestead be the actual abode of the owner. Debtor therefore argues, and the bankruptcy court held, that an owner of a possessory interest in leased property in which he resides may claim a homestead exemption to the extent of that interest. We agree with the bankruptcy court's holding for several reasons.

First, despite Trustee's argument to the contrary, the bankruptcy court's interpretation of section 23.240 is not inconsistent with the statute. Debtor is the owner—as a month-to-month tenant—of a possessory interest in the leased property. Absent an anti-assignment clause in the lease, a tenant could sell and assign his interest under a lease; he would be entitled to the proceeds from the sale or assignment of his leasehold interest.[4] In other words, a tenant owns an interest—albeit neither legal title nor beneficial ownership—in the property in which he resides. Consequently, the language pertaining to "owner" and "sale" and "proceeds" contained in subsections (1), (2) and (5) of section 23.240 do not necessarily preclude Debtor (as a tenant holding a possessory interest) from the protections of the homestead exemption.

Second, by broadly interpreting "owner" and "homestead" as used in section 23.240, the bankruptcy court adhered to the policy of liberal and humane application of exemptions in Oregon. *Banfield's Estate,* 137 Or. at 178–79, 298 P. 905. Often, tenants who file for bankruptcy have difficulty paying their monthly rent; requiring them to pay a second security deposit and additional prepaid rent in order to avoid eviction from their homes contravenes not only Oregon's policy of humane application of exemption laws, but also the Bankruptcy Code's goal of providing a fresh start to honest debtors. *See Talmadge v. Duck (In re Talmadge),* 832 F.2d 1120, 1126 (9th Cir.1987) ("Exemption statutes *save* for the debtor certain items owned or pos-

---

4. Similarly, unless an exemption impairs his ability to do so, a trustee could sell and assign a bankruptcy estate's possessory leasehold interest by way of an assumption and assignment under 11 U.S.C. § 365. "The petition date is appropriate [to be the date for determining the nature and extent of a debtor's exemptions] because the existence of exemptions presupposes a hypothetical attempt by the trustee to levy upon and sell all of the debtor's property upon the filing of the petition." *Harris v. Herman (In re Herman),* 120 B.R. 127, 130 (9th Cir. BAP 1990).

sessed by him or her which comprise the minimum of things necessary to prevent the debtor from becoming destitute and which would otherwise be taken by creditors. The cornerstone of this policy is to assure overburdened debtors a fresh start.") (emphasis in original).

Third, several cases applying Oregon law support the bankruptcy court's conclusion that a holder of a mere possessory interest can claim a homestead exemption.[5] In *Troutman v. Erlandson*, 44 Or.App. 239, 605 P.2d 1200 (1980), the defendants claimed a homestead exemption in their mobile home and the land upon which it was located.[6] The defendants owned the mobile home, but did not own the land. Rather, the defendants held an option to purchase the land, but the court held that the option had "not been effectively exercised." *Troutman*, 44 Or.App. at 244, 605 P.2d 1200. Nonetheless, the defendants did hold the right to possess the property under a judicial decree. The Oregon court held that this possessory interest was sufficient ownership interest to support the defendant's homestead exemption claim in the underlying land, stating that the "possessory right is an interest in property to which the homestead exemption as contained in ORS 23.164 would attach." 44 Or.App. at 245, 605 P.2d 1200.

The bankruptcy court also cited a persuasive unpublished decision of the United States District for the District of Oregon: *Fiet v. O'Dwyer*, Civil No. 85–984LE, filed on September 13, 1985. In *Fiet*, the debtor conveyed his ownership interest in his house to his wife prior to bankruptcy.

The debtor nevertheless continued to reside in the house. Even though the debtor did not hold title to the property as of his petition date, the court concluded that he was entitled to claim a homestead interest in the property, stating:

> It is possession, not legal title, which establishes the applicability of the homestead exemption. *See Troutman v. Erlandson*, 44 Or.App. 239, 245, 605 P.2d 1200 (1980) (possessory right is an interest in property to which the homestead exemption attaches).

*Fiet v. O'Dwyer*, Civil No. 85–984LE (D.Or. Sept. 13, 1985) at 2.

In *White v. White (In re White)*, 727 F.2d 884 (9th Cir.1984), an Oregon state court awarded ownership of the family residence to the debtor's former spouse and granted a judgment lien against the residence to the debtor. The debtor filed for bankruptcy and claimed a homestead interest in the value of the lien. The Ninth Circuit held that the lien was insufficient to be the basis of a homestead exemption "[b]ecause the lien gives [the debtor] no right to possession" and because no case had "held that a non-possessory interest may be the basis of a homestead exemption." *Id.* at 886–87. The Ninth Circuit noted that the lien did "not preserve a roof over [the debtor's] head; it gives him no right to live on the premises." *Id.* at 886. In contrast, the month-to-month lease agreement here does give Debtor a right to possess the leased premises and thereby preserves the roof over his head. *White* suggests that because Debtor has a right of possession in the residence, he could claim a homestead exemption in it.

---

**5.** Trustee has cited no Oregon case holding that the possessory leasehold interest is insufficient for the purposes of claiming a homestead exemption.

**6.** The defendants claimed the exemption under Or.Rev.Stat. § 23.164(1), which (at that time) allowed a debtor to exempt up to

$12,000 for his mobile home and the property upon which it was situated. Subsection (6) of section 23.164 limited the exemption to $10,000 if a debtor owned the mobile home but not the property upon which it was situated. *Troutman*, 44 Or.App. at 243 n. 1, 605 P.2d 1200.

Fourth, case law from other states with similar homestead exemption statutes supports the bankruptcy court's holding. For example, in *Matter of Buzzell*, 110 B.R. 440 (Bankr.D.Neb.1990), the Nebraska Homestead Act—like the Oregon homestead statute here—referred to "owners" but did "not specify the nature of the property interest which must be owned by the claimant in order to qualify for the exemption." *Id.* at 441. The court held that the "homestead exemption is not limited to property held in fee simple. A life estate or leasehold interest in the homestead tract is sufficient." *Id.* The court therefore overruled the trustee's objection to the claim of exemption by the debtors in the leased land upon which their mobile home was located. *See also Matter of Bartlett*, 153 B.R. 881, 883 (Bankr.D.Neb. 1993) (homestead can be claimed on leased property); *In re McAtee*, 154 B.R. 346, 347 (Bankr.N.D.Fla.1993) (debtor could claim homestead exemption for residence situated on public land under long term lease).

In *Capitol Aggregates, Inc. v. Walker*, 448 S.W.2d 830 (Tex.Civ.App.Austin 1969), the debtors leased land on a month-to-month basis; the debtors' mobile home was located on the lot. The court held that the month-to-month lease of the lot was a sufficient interest in realty to sustain the homestead claim under Texas law. *Id.* at 835. *See also Lane v. Small Business Admin. (In re Lane)*, 103 B.R. 816, 818 (Bankr.N.D.Tex.1987) (in Texas, homestead rights can attach to leased premises). *But see In re Tenorio*, 107 B.R. 787, 788 (Bankr.S.D.Fla.1989) (debtor's interest in condominium was not exempt under Florida homestead law because year-to-year lease does not constitute ownership interest and also evidences lack of intent to make property permanent place of residence; furthermore, leases of this type are typically classified as chattels real and regarded as personal property, not real

property; since debtor had already used up maximum allowed under personal property exemption, she could not exempt her interest in condominium under personal property exemption); *McClanahan v. Kimball (In re Kimball)*, 2 B.R. 560, 562 (Bankr.W.D.La.1980) (Louisiana exemption statute does not permit use of homestead exemption by non-homeowners, since Louisiana homestead exemption statute describes "homestead" as residence "owned and occupied" by any person, with word "owned" indicating intent of drafters to disallow use of homestead exemption by lessees).

In light of the policy of liberal and humane interpretation of Oregon's exemptions, the foregoing cases construing Oregon law and the case law of other states, we hold that the bankruptcy court correctly concluded that the Oregon homestead exemption applies to leasehold interests.

C. *Does the Homestead Exemption Cover the Rent and Deposit?*

■ Having decided that the Oregon homestead exemption applies to possessory, leasehold interests, we must now decide whether the exemption covers the rent and deposit. Trustee argued before the bankruptcy court that the rent and deposit were essentially an account or other form of cash which could be exempt only under Or.Rev.Stat. § 23.160(1)(n) (Oregon's pourover exemption). The bankruptcy court, however, held that the rent and deposit were integral to Debtor's tenancy and thus covered by the exemption. As noted by the bankruptcy court:

Other courts interpreting statutes similar to Oregon's have held that prepaid rents and security deposits are exempt, recognizing that a leasehold is exempt, thus rights attendant thereto are likewise exempt. . . .

This Court is persuaded that the reasoning of the *Quintana* and *Nagel* courts is

correct. To hold otherwise allows trustees to interfere with the exemption rights granted to debtors under Oregon law. Frequently, the landlord (although it may have a security interest in the rent and deposit) may turn the money over to the trustee upon demand and require that the debtor restore the deposit in order to remain in possession of the debtor's abode.[7] Debtors who are unable or unwilling to make such double payment may be evicted from their homestead. Oregon's policy that the homestead exemption be given a liberal and humane interpretation, mitigates against such a result.

*Casserino*, 282 B.R. at 492, citing *In re Quintana*, 28 B.R. 269, 270 (Bankr.D.Colo.1983) (construing the Colorado homestead exemption which, at that time, was similar to Oregon's present statute; holding that homestead exemption could be claimed in a $700 security deposit on leased premises and in $209.70 in prepaid rent); and *In re Nagel*, 216 B.R. 397, 398–99 (Bankr.W.D.Tx.1997) (holding that security deposit, pet deposit, and prepaid rent required by Chapter 7 debtor-tenant's lease contract were exempt where leasehold interest created by contract was exempt as debtor's homestead).

Payment of the rent and deposit was a condition precedent to Debtor's right to obtain possession of the property under the lease agreement. It is as simple as that: no deposit, no lease. The rent and deposit represented integral rights and responsibilities accruing under the lease. Therefore, in light of *Nagel*, *Quintana*, and the bankruptcy court's convincing analysis, we agree with the conclusion that the rent and deposit were protected by section 23.240.

## VI.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

---

**7.** Oregon law may be violated if a debtor is required to make a second deposit within the first year of his lease. *See* Or.Rev.Stat. § 90.300(3)(a) ("A landlord may not change the rental agreement to require the payment of a new or increased security deposit during the first year after the tenancy has begun, except that an additional deposit may be required if the landlord and tenant agree to modify the terms and conditions of the rental agreement to permit a pet or for other cause and the additional deposit relates to that modification."). In addition, Oregon law mandates that the last month's rent *"shall* be applied to the rent due for the last month of the tenancy." Or.Rev.Stat. § 90.300(7). Trustee's efforts to collect the deposit and rent run afoul of the spirit of these laws, by jeopardizing Debtor's legal rights provided under the statute.