MEMORANDUM **
Peter P. Nghiem appeals pro se two orders of the Bankruptcy Appellate Panel (“BAP”) awarding appellees GMAC Mortgage Corporation and Executive Trustee Services, Inc. attorney’s fees and costs for litigation before the bankruptcy court and the BAP. We have jurisdiction under 28 U.S.C. § 158(d) and “will not disturb a bankruptcy court’s attorney fee determination unless the bankruptcy court abused its discretion or erroneously applied the law.” Ford v. Baroff (In re Baroff), 105 F.3d 439, 441 (9th Cir.1997). We affirm.
To the extent that Nghiem advances contentions concerning the underlying litigation, they are foreclosed by our prior decision in Nghiem v. Ghazvini (In re Nghiem), 53 Fed.Appx. 489 (9th Cir.2002).
The BAP did not abuse its discretion or commit legal error in concluding that Nghiem’s first amended complaint did not allege a violation of California’s Business and Professions Code § 17200 et seq., an unfair competition law invoked by Nghiem at the attorney’s fees hearing.
Nor do we find fault with the BAP’s conclusion that, pursuant to California Code of Civil Procedure § 1021, the attorney’s fees provisions in the trust deed “are broad enough to encompass fees incurred in an action involving non-contract claims.” The relevant clauses of the trust deed, paragraphs 7 and 21, provide for the recovery of “reasonable attorneys’ fees” for actions that encompass Nghiem’s claims in his complaint. See 8250 Wilshire Blvd. Bldg. v. W.R. Grace & Co., 990 F.2d 487, 489 (9th Cir.1993) (“The language of this provision includes not only contract enforcement actions, but actions relating to the ‘subject matter’ of the agreement.”); Johnson v. Siegel, 84 Cal.App.4th 1087, 101 Cal.Rptr.2d 412, 422 (2000) (holding that a broad attorney’s fees provision applies to both contract and tort causes of action); Lerner v. Ward, 13 Cal.App.4th 155, 16 Cal.Rptr.2d 486, 489 (1993) (holding that a clause applying “to any action or proceeding arising out of the agreement ... included any action for fraud arising out of that agreement”). We reject Nghiem’s contention that if the trust deed was extinguished its attorney’s fees provisions became inoperative, as his complaint sought to reinstate the deed.
In light of our conclusion, we need not reach Nghiem’s contentions concerning California Civil Code § 1717.
AFFIRMED.

This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.